UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABEL ROBINSON,

              Plaintiff,

v.

JACKSON, et al.,

              Defendants.

CASE NO. 3:17-CV-05794-RJB-DWC

ORDER GRANTING MOTION TO AMEND AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

Plaintiff Abel Robinson, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On November 2, 2017, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP"), and Plaintiff's Complaint was filed. *See* Dkt. 6, 7. Prior to the Court screening the Complaint, Plaintiff filed a Motion to Supplement Complaint (Dkt. 8) and a Proposed Amended Complaint (Dkt. 8-1). As Plaintiff can amend his Complaint once as a matter of right under Federal Rule of Civil Procedure 15, the Court grants Plaintiff's Motion to Supplement Complaint (Dkt. 8). Plaintiff's Amended Complaint acts as a complete substitute for his original Complaint and the Amended Complaint is now the operative complaint in this case.

Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Amended Complaint but provides Plaintiff leave to file an amended pleading by December 6, 2017, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is incarcerated at the Pierce County Jail ("Jail"), alleges Defendants are acting with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Dkt. 8-1. Plaintiff states he suffers from asthma, bowel and bladder infections, and complications from a gunshot wound. *Id*. He is wheelchair bound and has not been provided with adequate treatment and accommodations for his medical problems. *Id*.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

I. **Personal Participation**

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the

complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Amended Complaint, Plaintiff names the following Defendants: "PCCDC Medical Dept.," Administrator Slothower, Doctor Balderrama, and Nurses F. Park, Frank, B. Cammer, S. Bval, C. Sabo, D. Ricci, V. Valencia, K. Lipscomb, M. Eliasson, C. Carrillo, P. Smith, M. Gonzalez, E. Yagi, B. Blowers, and R. Rains. *See* Dkt. 8-1. Plaintiff fails to state the alleged wrong-doing of any Defendant in this case. He provides detailed information regarding his medical condition. *Id*. He, however, fails to explain what actions or inactions by Defendants resulted in deliberate indifference to his serious medical needs. *See id*. Rather, Plaintiff provides only a generalized statement alleging "Defendants" were deliberately indifferent to Plaintiff's needs by denying Plaintiff a shower and diapers.

Plaintiff's conclusory allegations are insufficient to show Defendants personally participated in the alleged constitutional violations. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). Therefore, if Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement explaining exactly what each Defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

## II. Improper Defendant

While unclear, Plaintiff may be attempting to name Pierce County Jail as a defendant in this case. *See* Dkt. 8-1. The Pierce County Jail is not a legal entity capable of being sued under § 1983. Rather, Pierce County, a municipality, would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not named Pierce County as a defendant or alleged facts to show Pierce County is liable. *See* Dkt. 8-1. If Plaintiff seeks to sue Pierce County, he must name Pierce County as a defendant and allege facts sufficient to meet the required elements of a claim against a municipality and show Pierce County violated his constitutional rights.

## III. Instructions to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a second amended complaint and within the second amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's

constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint or amended complaint by reference. The second amended complaint will act as a complete substitute for the Amended Complaint, and not as a supplement. The Court will screen the second amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the second amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file a second amended complaint or fails to adequately address the issues raised herein on or before December 6, 2017, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Court directs the Clerk to docket the proposed amended complaint (Dkt. 8-1) as the Amended Complaint. Additionally, the Clerk is directed to provide Plaintiff with the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service and provide Plaintiff with copies of this Order and Pro Se Instruction Sheet.

Dated this 6th day of November, 2017.

David W. Christel
United States Magistrate Judge