UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABEL ROBINSON,

    Plaintiff,

 v.

JACKSON, et al.,

    Defendants.

CASE NO. 3:17-CV-05794-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: December 8, 2017

  The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Abel Robinson's "Motion to Voluntarily Dismiss Complaint/Civil Suit with Jury Trial Demand," wherein Plaintiff requests his case be dismissed. Dkt. 11. After review of the record, the undersigned recommends this case be dismissed without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**BACKGROUND**

  On October 2, 2017, Plaintiff initiated this lawsuit. Dkt. 1. On November 6, 2017, the Court declined to serve Plaintiff's First Amended Complaint because it failed to state a claim for

which relief could be granted. Dkt. 9. The Court, however, gave Plaintiff until December 6, 2017 to file an amended complaint. *Id*. On November 8, 2017, Plaintiff filed the Motion. Dkt. 11. Plaintiff's Complaint has not been served.

## DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

The Court has not directed service of the Complaint in this case. Therefore, Plaintiff requested the dismissal prior to any defendant filing an answer or summary judgment motion. The Court also finds Plaintiff has not previously dismissed an action based on the same claim. Therefore, Plaintiff's Motion (Dkt. 11) should be granted pursuant to Rule 41(a)(1).

## CONCLUSION

For the foregoing reasons, the Court recommends the Complaint be dismissed without prejudice and all pending motions be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on December 8, 2017, as noted in the caption.

Dated this 17th day of November, 2017.

David W. Christel
United States Magistrate Judge