# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ABEL ROBINSON,

    Plaintiff,

v.

JACKSON, et al.,

    Defendants.

CASE NO. 3:17-CV-05794-RJB-DWC

ORDER

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. On November 8, 2017, Plaintiff Abel Robinson filed a "Motion to Voluntarily Dismiss Complaint/Civil Suit with Jury Trial Demand" ("Motion to Dismiss"), wherein Plaintiff requested his case be dismissed. Dkt. 11. Then, on November 15, 2017, Plaintiff filed a Second Amended Complaint. Dkt. 12. Before the Second Amended Complaint was docketed, the undersigned entered a Report and Recommendation ("R&R") recommending Plaintiff's Motion to Dismiss be granted. Dkt. 13. On December 11, 2017, the Honorable Robert J. Bryan, the District Judge assigned to this case, declined to adopt the R&R because it appeared Plaintiff was attempting to proceed with this case. Dkt. 15.

As Plaintiff filed both a Motion to Dismiss and a Second Amended Complaint, the Court directed Plaintiff to show cause on or before January 15, 2018 regarding whether he wished to proceed with this lawsuit. On December 26, 2017, Plaintiff filed a Response to Show Cause Order ("Response") stating that he wishes to proceed with this lawsuit. Dkt. 17. In the Response, Plaintiff also stated he incorrectly filed the Second Amended Complaint in this case; he intended the Second Amended Complaint to be filed as a new case because the Second Amended Complaint raises a different issue, arising from a different situation. *Id*. Plaintiff also requests a copy of the Motion to Dismiss and requests Court-appointed counsel. *Id*.

## I. Directions to Plaintiff to File Amended Complaint

Based on Plaintiff's Response, the Court finds this case should proceed. The Court also finds the Second Amended Complaint should be stricken from this case. Therefore, the Court orders the following: Plaintiff is directed to file an amended complaint in this case, Robinson v. Jackson, et al., 3:17-CV-5794. Plaintiff's amended complaint must correct the deficiencies identified in the Court's November 6, 2017 Order. *See* Dkt. 9. If Plaintiff fails to file an amended complaint in this case on or before February 9, 2018, the Court will recommend dismissal of this action.

## II. Request for Counsel

In the Response, Plaintiff provides a single sentence requesting the Court provide him with counsel. Dkt. 17, p. 2. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. At this time, the Court has found Plaintiff failed to state a claim in his First Amended Complaint and has directed Plaintiff to file an amended complaint. Therefore, Plaintiff has also not shown he is likely to succeed on the merits of this case.

For the above stated reasons, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's request is denied without prejudice.

**III.    Directions to the Clerk**

Based on the Court's above findings, the Clerk is directed to:

- Strike the Second Amended Complaint from the docket, watermark the Second Amended Complaint in this case, and open a new case with the Second Amended Complaint as the operative complaint; and

- Send Plaintiff a copy of this Order, the Order Granting Motion to Amend and Directing Plaintiff to File an Amended Complaint (Dkt. 9), the Motion to Dismiss

(Dkt. 11), and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 5th day of January, 2018.

*David W. Christel*
David W. Christel
United States Magistrate Judge